IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON EARL CARBE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3180 |
| | § | |
| DEPARTMENT OF JUSTICE, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER ON DISMISSAL

Plaintiff Milton Earl Carbe, a federal prisoner proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983 complaining that one or more Assistant United States Attorneys (AUSAs) willfully and deliberately deprived him of his constitutional right to a speedy trial in his 2001 federal criminal prosecution.

Because plaintiff is a prisoner proceeding *in forma pauperis*, the Court reviews his claims under the requirements of the Prisoner Litigation Reform Act. The Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case, or any part of it, without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation

of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Because he is suing federal AUSAs, plaintiff fails to allege conduct committed under color of state law, and no cognizable section 1983 claim is raised.

To the extent plaintiff's lawsuit may be construed liberally as one raising a claim under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), public records refute his underlying factual allegations. Records for the Southern District of Texas reveal that plaintiff was convicted of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine in C.A. No. 4:01-cr-337-1, *United States of America v. Milton Earl Carbe*. The docket sheet for plaintiff's criminal prosecution shows that on August 28, 2001, he executed and filed a waiver of speedy trial while represented by counsel. Accordingly, plaintiff's allegation that AUSAs willfully and deliberately deprived him of a speedy trial is refuted by the public records in his case. Plaintiff's subsequent federal habeas petition seeking to set aside the speedy trial waiver was dismissed. *Carbe v. United States of America*, C.A. No. H-06-4055 (S.D. Tex. 2007). Plaintiff's claims lack any arguable basis in fact and are frivolous.

Accordingly, this lawsuit is DISMISSED as frivolous and for failure to state a claim.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on November 28, 2007.

_____
Gray H. Miller
United States District Judge